# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60156
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2016

Lyle W. Cayce
Clerk

RECAI SAKAR,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 614 101

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Recai Sakar, a native and citizen of Turkey, seeks review of a decision by the Board of Immigration Appeals (BIA) that he is not entitled to relief under the Convention Against Torture (CAT). Sakar argues that he would more likely than not be tortured if he returned to Turkey.

The conclusion that an alien is not eligible for relief under the CAT is a factual finding and is therefore reviewed under the deferential substantial

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). "Under this standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citations omitted).

"To obtain relief under the [CAT], the alien . . . must show a likelihood of torture upon return to his homeland." *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006). "[R]elief under the [CAT] requires a two part analysis-first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture." *Id.* at 350-51.

The evidence pointed to by Sakar fails to make this showing. Sakar bases his claim that there is a likelihood that he would be tortured on the fact that (i) he was identified to Turkish authorities as providing assistance to individuals associated with a known terrorist organization; (ii) at least one of those individuals was tortured while in prison; (iii) Turkish police questioned Sakar's family members about him; and (iv) Turkish authorities have implemented torture in the past. These facts do not compel the conclusion that it is more likely than not that Sakar would be tortured if he returned to Turkey. Sakar admittedly was not a member of the terrorist organization. He presented no evidence to establish that the Turkish authorities believed that he supported or had information concerning the terrorist organization. As to the police inquiries, Sakar admitted that the inquiries stopped in 2004, his family was not harmed, and he does not even actually know why the police were looking for him. Finally, the evidence that Sakar relies on to establish that Turkish authorities have, on occasion, engaged in torturous or abusive

conduct does not compel the conclusion that there is a likelihood that Sakar, or an individual similarly situated, would be tortured in Turkey.

Sakar's further argument that the BIA erred because it refused to consider the U.S. Department of State 2012 Country Report for Turkey in rendering its ruling fails. Sakar did not submit the 2012 report to the immigration judge, but rather first submitted it to the BIA on appeal. The BIA is prohibited from "engag[ing] in factfinding in the course of deciding appeals," and it did not abuse its discretion by not taking administrative notice of the 2012 report. 8 C.F.R. § 1003.1(d)(3)(iv); *see Riviera-Cruz v. I.N.S.*, 948 F.2d 962, 966 (5th Cir. 1991) (holding that the BIA is afforded "wide latitude in taking official notice" under § 1003.1(d)(3)(iv) and BIA's decision is reviewed for "abuse of discretion"). Additionally, Sakar did not file a motion seeking the BIA to remand the proceedings, so that the immigration judge could perform further factfinding in light of the 2012 report. *See* § 1003.1(d)(3)(iv) ("A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand."). Accordingly, the BIA did not err in refusing to consider the 2012 report for the first time on appeal.

For the foregoing reasons, the decision to deny Sakar relief under CAT is supported by substantial evidence. *See Zhang*, 432 F.3d at 344. Sakar's petition for review is DENIED.